```
DONALD J. GREEN, ESQ.
Nevada Bar No. 1869
California Bar No. 112495
4760 South Pecos Road, Suite 103
Las Vegas, Nevada  89121
Tel: (702) 388-2047
Fax: (855) 459-8472
CrimeLV7777@aol.com
Attorney for Defendant
CHARLES ELLIS
```

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:18-CR-00255-JAD |
| Plaintiff, | **STIPULATION TO CONTINUE TRIAL** |
| vs. | [~~FIRST~~ **REQUEST**] SECOND |
| CHARLES ELLIS, | |
| Defendant. | |

CERTIFICATION:  This Stipulation is timely filed.

**IT IS HEREBY STIPULATED AND AGREED**, by and between NICHOLAS A. TRUTANICH, ESQ., United States Attorney, by and through his Assistant United States Attorney, PATRICK BURNS, Esq., counsel for the United States of America; and, DONALD J. GREEN, ESQ. counsel for defendant CHARLES ELLIS (hereinafter referred to as Defendant); and respectfully STIPULATE that the Calendar Call set for FEBRUARY 4, 2019 and Trial set for FEBRUARY ~~11~~ 12, 2019, be continued to dates convenient to the Court.

...

...

This Stipulation is entered into for the following reasons:

1. On August 23, 2018, defendant was arraigned on the Federal Grand Jury Indictment. On this same day, defendant Ellis self-surrendered to and was taken into custody by Special Agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives.

2. The defendant pled Not Guilty.

3. On August 23, 2018, Ellis was released from custody and remains at liberty pursuant to conditions previously ordered by the U.S. Magistrate Judge.

4. Government and defense counsel Green have exchanged e-mail transmissions regarding this case. The discovery released to date includes law enforcement reports regarding a large-scale investigation of the defendant.

5. The discovery released to date and the entries in defendant's I-Pad tablet are composed of thousands of pages. Defense counsel still needs additional time in order to effectively prepare for trial and/or to properly evaluate the case for trial and/or potential pre-trial resolution.

6. On December 29, 2018, defense counsel consulted with defendant and defendant has agreed to a continuance of the current trial date.

7. Without this requested continuance, defense counsel has not had, nor will he have, sufficient time and the opportunity within which to prepare for trial and/or potential pre-trial disposition, given the necessity to fully review the files.

8. It would be unrealistic to expect defense counsel to be able to effectively and thoroughly prepare for trial, and/or

potential pre-trial resolution in the above-captioned matter without this request for a continuance of the trial.

9. The Stipulation requests a continuance of the trial until after FEBRUARY 11 , 2019 to a date and time convenient to the Court. The following dates for trial are proposed to the Court:

    A. April 15, 2019;

    B. April 22, 2019;

    C. April 29, 2019; and,

    D. June 10, 2019.

10. For all of the above-stated reasons, the ends of justice would best be served by a granting this **FIRST** request for a continuance of the trial.

12. The extension of time sought by the Stipulation is excludable under the Speedy Trial Act, 18 U.S.C. Section 3161 (h)(8)(a) when considering the factors under 18 U.S.C. Sections 3131 (h)(1), 3161 (h) (8) (b) (I), 3161 (h) (B) (iv), and 3161 (h) (1)(f).

13. This is the **FIRST** request for a continuance of the trial.

DATED this <u>22nd</u> day of JANUARY, 2019.

| LAW OFFICES OF DONALD J. GREEN | NICHOLAS A. TRUTANICH, ESQ. |
|---|---|
|  | UNITED STATES ATTORNEY |
| BY  /s/ Donald J. Green | BY /s/  J. Patrick Burns |
| DONALD J. GREEN, ESQ. | PATRICK BURNS, ESQ. |
| 4760 S. Pecos Rd. #103 | Assistant U.S. Attorney |
| Las Vegas, Nevada 89121 | 333 Las Vegas Blvd., #500 |
| Attorney for defendant | Las Vegas, NV  89101 |
| CHARLES ELLIS | GOVERNMENT COUNSEL |

...

...

...

...

...

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>CHARLES ELLIS,<br><br>    Defendant, | Case No.: 2:18-CR-00255-JAD<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW & ORDER** |

**FINDINGS OF FACT**

Based on the Stipulation of counsel, and good cause appearing therefore, the Court hereby finds:

1. On August 23, 2018, defendant was arraigned on the Federal Grand Jury Indictment. On this same day, defendant Ellis self-surrendered to and was taken into custody by Special Agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives.

2. The defendant pled Not Guilty.

3. On August 23, 2018, Ellis was released from custody and remains at liberty pursuant to conditions previously ordered by the U.S. Magistrate Judge.

4. Government and defense counsel Green have exchanged e-mail transmissions regarding this case. The discovery released to date includes law enforcement reports regarding a large-scale investigation of the defendant.

5. The discovery released to date and the entries in defendant's I-Pad tablet are composed of thousands of pages. Defense counsel still needs additional time in order to effectively prepare

1  for trial and/or to properly evaluate the case for trial and/or
2  potential pre-trial resolution.
3      6.   On December 29, 2018, defense counsel consulted with
4  defendant and defendant has agreed to a continuance of the current
5  trial date.
6      7.   Without this requested continuance, defense counsel has not
7  had, nor will he have, sufficient time and the opportunity within
8  which to prepare for trial and/or potential pre-trial disposition,
9  given the necessity to fully review the files.
10     8.   It would be unrealistic to expect defense counsel to be
11 able to effectively and thoroughly prepare for trial, and/or
12 potential pre-trial resolution in the above-captioned matter without
13 this request for a continuance of the trial.
14     9.   The Stipulation requests a continuance of the trial until
15 after FEBRUARY 11 , 2019 to a date and time convenient to the Court.
16 The following dates for trial have been proposed to the Court:
17         A.   April 15, 2019;
18         B.   April 22, 2019;
19         C.   April 29, 2019; and,
20         D.   June 10, 2019.
21    10.   For all of the above-stated reasons, the ends of justice
22 would best be served by a granting this **FIRST** request for a
23 continuance of the trial.
24    11.   The extension of time sought by the Stipulation is
25 excludable under the Speedy Trial Act, 18 U.S.C. Section 3161
26 (h)(8)(a) when considering the factors under 18 U.S.C. Sections 3131
27 (h)(1), 3161 (h) (8) (b) (I), 3161 (h) (B) (iv), and 3161 (h) (1)(f)
28

## SPEEDY TRIAL ACT CONSIDERATIONS

12.  Additionally, denial of the request for a continuance of the trial could result in a miscarriage of justice.

13.  For all of the above-stated reasons, the ends of justice would best be served by a granting this **FIRST** request for a continuance of the trial.

14.  The extension of time sought by the Stipulation is excludable under the Speedy Trial Act, 18 U.S.C. Section 3161 (h)(8)(a) when considering the factors under 18 U.S.C. Sections 3131 (h)(1), 3161 (h) (8) (b) (I), 3161 (h) (B) (iv), and 3161 (h) (1)(f).

15.  This is the **FIRST** request for a continuance of the trial.

## STATEMENT OF EXCLUDABILITY OF SPEEDY TRIAL CONSIDERATIONS

16.  The requested extension is necessary to the defense to within which to be able to effectively and thoroughly prepare for a potential pre-trial disposition and/or trial, taking into account the exercise of due diligence.

17.  The defendant is out of custody.  Defense counsel has informed the defendant of the necessity for a continuance of the current trial date.

18.  The Court is informed by defense counsel that on December 29, 2018, defendant CHARLES ELLIS gave his consent to a continuance of the current trial date.

19.  The denial of this request for a continuance of the trial would deny defendant the opportunity to have continuity of counsel, taking into account the exercise of due diligence.

20. Additionally, denial of the request for a continuance of the trial could result in a miscarriage of justice.

21. For all of the above-stated reasons, the ends of justice would best be served by a granting this **FIRST** request for a continuance of the trial.

22. The extension of time sought by the Stipulation is excludable under the Speedy Trial Act, 18 U.S.C. Section 3161 (h)(8)(a) when considering the factors under 18 U.S.C. Sections 3131 (h)(1), 3161 (h) (8) (b) (I), 3161 (h) (B) (iv), and 3161 (h) (1)(f).

23. This is the **FIRST** request for a continuance of the trial.

## CONCLUSIONS OF LAW

Denial of this request for a continuance of the trial could result in a miscarriage of justice, and the Court hereby concludes:

1. The extension of time sought herein is excludable under the Speedy Trial Act, 18 U.S.C. § 3161(h)(8)(a), when considering the factors under 18 U.S.C. §§ 3161 (h) (1), 3161(h)(8)(B)(I), 3161(h)(B)(iv), and 3161 (h)(1)(f).

2. The ends of justice served by granting this **FIRST** request for a continuance of the trial and said continuance of the trial outweigh the best interests of the public and the defendant in a speedy trial, because the failure to grant said continuance would be likely to result in a miscarriage of justice, would deny defense counsel adequate time to prepare for trial and/or potential pre-trial resolution, taking into account the exercise of due diligence, and would deny the defendant the opportunity to have continuity of counsel, taking into account the exercise of due diligence.

3. It would be unrealistic to expect defense counsel to be able to effectively and thoroughly prepare for trial and/or potential pre-trial disposition without a continuance of the current trial date.

4. Denial of the request for a continuance of the trial would deny defense counsel sufficient time and the opportunity within which to be able to effectively and thoroughly prepare for trial and/or potential pre-trial disposition, taking into account the exercise of due diligence.

5. Additionally, denial of this request could result in a miscarriage of justice.

6. The additional time which is requested by this Stipulation is excludable in computing the time within which the trial herein must commence pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(8)(A), considering the factors under 18 U.S.C. §§ 3161 (h) (1) , 3161(h)(8)(B)(I), 3161(h)(8)(B)(iv), and 3161 (h) (1) (f).

7. The defendant has been informed of the necessity for and has consented to this stipulation for a **FIRST** continuance of the trial and the defendant consents thereto.

**ORDER**

**IT IS ORDERED** that the trial date set for FEBRUARY ~~11~~ 12, 2019 shall be VACATED.

**IT IS ORDERED** that the Trial of this matter shall be continued until June 18, 2019, at the hour of 9:00 a.m.

**IT IS ORDERED** that the Calendar Call date set for FEBRUARY 4 2019 shall be VACATED.

...

1   **IT IS ORDERED** that the Calendar Call shall be continued until
2   June 10, 2019, at the hour of 1:30 p.m.
3   **IT IS FURTHER ORDERED** that the government and the defense shall
4   file proposed jury instructions and/or proposed voir dire on or
5   before noon on June 10, 2019.
6   **IT IS FURTHER ORDERED** that the Government shall file its Trial
7   brief by noon on June 10, 2019.

9   **IT IS FURTHER ORDERED** that the defense may file its optional
10  Trial brief by noon on June 10, 2019.

12  **IT IS FURTHER ORDERED** that the counsel for parties shall be
13  available at the Court's convenience for a Court hearing and/or
14  telephone conference call in the event that the Court requires
15  further clarification of any issue regarding the continuance of the
16  trial and/or the status of any potential pre-trial disposition of
17  this case.
18  **IT IS FURTHER ORDERED** that any further continuances of the Trial
19  shall be considered only upon a showing of GOOD CAUSE and convenience
20  of the Court, pursuant to the Speedy Trial Act and in conformance
21  with Local General Order 2007-4.
22  DATED this 30th day of January, 2019.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE