DONALD J. GREEN, ESQ.
Nevada Bar No. 1869
California Bar No. 112495
4760 South Pecos Road, Suite 103
Las Vegas, Nevada  89121
Tel: (702) 388-2047
Fax: (855) 459-8472
CrimeLV7777@aol.com
Attorney for Defendant
**CHARLES ELLIS**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Case No.: 2:18-CR-00255-JAD** |
| Plaintiff, | **STIPULATION TO CONTINUE TRIAL** |
| vs. | **[FOURTH REQUEST]** |
| CHARLES ELLIS, | |
| Defendant. | |

CERTIFICATION:  This Stipulation is timely filed.

**IT IS HEREBY STIPULATED AND AGREED**, by and between NICHOLAS TRUTANICH, ESQ., United States Attorney, by and through his Assistant United States Attorney, PATRICK BURNS, Esq., counsel for the United States of America; and, DONALD J. GREEN, ESQ. counsel for defendant CHARLES ELLIS (hereinafter referred to as Defendant); and respectfully STIPULATE that the Calendar Call set in OCTOBER, 2019 and Trial set for NOVEMBER, 2019, be continued to dates convenient to the Court and to the parties.

...

...

This Stipulation is entered into for the following reasons:

1. On August 23, 2018, defendant was arraigned on the Federal Grand Jury Indictment. On this same day, defendant Ellis self-surrendered to and was taken into custody by Special Agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives.

2. The defendant pled Not Guilty.

3. On August 23, 2018, Ellis was released from custody and remains at liberty pursuant to conditions previously ordered by the U.S. Magistrate Judge.

4. Government and defense counsel Green have exchanged e-mail transmissions regarding this case. The discovery released to date includes law enforcement reports regarding a large-scale investigation of the defendant.

5. The discovery released to date and the entries in defendant's I-Pad tablet are composed of thousands of pages. Defense counsel has been reviewing this material. Defense counsel still needs additional time in order to effectively prepare for trial and/or to properly evaluate the case for trial and/or potential pre-trial resolution.

6. Defense Counsel Green respectfully advises the Court of the status of his medical conditions which will now impact on the current Trial date:

    A. In June 2019 during a routine annual eye examination, the Optometrist advised that Counsel Green consult with an Ophthalmologist due to the significant deterioration in vision from May 2018 to June 2019.

    B. In June, July, August, September and October 2019, Counsel Green had 11 consultations with three Eye Surgeons and a Retina Specialist.

    C. All of the eye doctors concurred that Counsel Green required cataract surgery but there was also an apparent Bilateral Kertaconus, and severe dry eyes.

    D. Counsel Green went through several eye outpatient treatments to resolve or curtail the ailments which prevented more immediate cataract surgeries on both eyes.

    E. The original surgeries were scheduled for September 2019. However, due to further medical complications, the eye surgeon has set the left eye surgery fo October 15, 2019 and has set the right eye surgery for October 29, 2019.

    F. Recovery time is approximately 2 to 5 days for each eye, with the eye surgeon specifically advising Counsel Green to restrict extensive reading, computer usage, and driving at night for an undetermined period of time pending a series of post-operative follow up consultations

  6. On October 14, 2019, defense counsel consulted with defendant and defendant has agreed to a continuance of the current trial date.

  7. Without this requested continuance, defense counsel has not had, nor will he have, sufficient time and the opportunity within which to prepare for trial and/or potential pre-trial disposition, given the necessity to fully recuperate and review the files.

8. It would be unrealistic to expect defense counsel to be able to fully recover and to effectively and thoroughly prepare for trial, and/or potential pre-trial resolution in the above-captioned matter without this request for a continuance of the trial.

9. The Stipulation requests a continuance of the trial to a date and time convenient to the Court. The following dates for trial are proposed to the Court:

    A.   FEBRUARY 10, 2020;
    B.   FEBRUARY 17, 2020;
    C.   MARCH 3, 2020;
    D.   APRIL 6, 2020; and,
    E.   APRIL 13, 2020

10. For all of the above-stated reasons, the ends of justice would best be served by a granting this **FOURTH** request for a continuance of the trial.

11. The extension of time sought by the Stipulation is excludable under the Speedy Trial Act, 18 U.S.C. Section 3161 (h)(8)(a) when considering the factors under 18 U.S.C. Sections 3131 (h)(1), 3161 (h) (8) (b) (I), 3161 (h) (B) (iv), and 3161 (h) (1)(f).

12. This is the **FOURTH** request for a continuance of the trial.

DATED this 23rd day of OCTOBER, 2019.

| LAW OFFICES OF DONALD J. GREEN | NICHOLAS TRUTANICH, ESQ. |
|---|---|
| | UNITED STATES ATTORNEY |
| BY  /s/ Donald J. Green | BY  /s/PATRICK BURNS |
| DONALD J. GREEN, ESQ. | PATRICK BURNS, ESQ. |
| 4760 S. Pecos Rd. #103 | Assistant U.S. Attorney |
| Las Vegas, Nevada 89121 | 333 Las Vegas Blvd., #500 |
| Attorney for defendant | Las Vegas, NV  89101 |
| CHARLES ELLIS | GOVERNMENT COUNSEL |

...

...

4

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:18-CR-00255-JAD |
| Plaintiff, | **FINDINGS OF FACT AND CONCLUSIONS OF LAW & ORDER** |
| vs. | |
| CHARLES ELLIS, | |
| Defendant, | |

### FINDINGS OF FACT

Based on the Stipulation of counsel, and good cause appearing therefore, the Court hereby finds:

1. On August 23, 2018, defendant was arraigned on the Federal Grand Jury Indictment. On this same day, defendant Ellis self-surrendered to and was taken into custody by Special Agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives.

2. The defendant pled Not Guilty.

3. On August 23, 2018, Ellis was released from custody and remains at liberty pursuant to conditions previously ordered by the U.S. Magistrate Judge.

4. Government and defense counsel Green have exchanged e-mail transmissions regarding this case. The discovery released to date includes law enforcement reports regarding a large-scale investigation of the defendant.

5. The discovery released to date and the entries in defendant's I-Pad tablet are composed of thousands of pages. Defense counsel still needs additional time in order to effectively prepare

for trial and/or to properly evaluate the case for trial and/or potential pre-trial resolution.

     6.    Defense Counsel Green respectfully advises the Court of the status of his medical conditions which will now impact on the current Trial date:

    A.    In June 2019 during a routine annual eye examination, the Optometrist advised that Counsel Green consult with an Ophthalmologist due to the significant deterioration in vision from May 2018 to June 2019.

    B.    In June, July, August, September and October 2019, Counsel Green had 11 consultations with three Eye Surgeons and a Retina Specialist.

    C.    All of the eye doctors concurred that Counsel Green required cataract surgery but there was also an apparent Bilateral Kertaconus, and severe dry eyes.

    D.    Counsel Green went through several eye outpatient treatments to resolve or curtail the ailments which prevented more immediate cataract surgeries on both eyes.

    E.    The original surgeries were schedule for September 2019. However, due to further medical complications, the eye surgeon has set the left eye surgery fo October 15, 2019 and has set the right eye surgery for October 29, 2019.

    F.    Recovery time is approximately 2 to 5 days for each eye, with the eye surgeon specifically advising Counsel Green to restrict extensive reading, computer usage, and driving at night for an undetermined

period of time pending a series of post-operative follow up consultations.

7. On October 14, 2019, defense counsel consulted with defendant and defendant has agreed to a continuance of the current trial date.

8. Without this requested continuance, defense counsel has not had, nor will he have, sufficient time and the opportunity within to recuperate and which to prepare for trial and/or potential pre-trial disposition, given the necessity to fully review the files.

9. It would be unrealistic to expect defense counsel to be able to recover and to effectively and thoroughly prepare for trial, and/or potential pre-trial resolution in the above-captioned matter without this request for a continuance of the trial.

10. The Stipulation requests a continuance of the trial to a date and time convenient to the Court. The following dates for trial are proposed to the Court:

    A.   FEBRUARY 10, 2020;
    B.   FEBRUARY 17, 2020;
    C.   MARCH 3, 2020;
    D.   APRIL 6, 2020; and,
    E.   APRIL 13, 2020:

11. For all of the above-stated reasons, the ends of justice would best be served by a granting this **FOURTH** request for a continuance of the trial.

## CONCLUSIONS OF LAW

12. The extension of time sought by the Stipulation is excludable under the Speedy Trial Act, 18 U.S.C. Section 3161(h)(8)(a) when considering the factors under 18 U.S.C. Sections 3131

1  (h)(1), 3161 (h) (8) (b) (I), 3161 (h) (B) (iv), and 3161 (h) (1)(f)

2  13.   Additionally, denial of the request for a continuance of
3  the trial could result in a miscarriage of justice, givens the stated
4  medical conditions of defense counsel.

5  14.   The defendant is out of custody.  Defense counsel has
6  informed the defendant of the necessity for a continuance of the
7  current trial date. Defendant consents to a continuance of the trial.

8  15.   The denial of this request for a continuance of the trial
9  would deny defendant the opportunity to have continuity of counsel,
10 taking into account the exercise of due diligence.

11 16.   Additionally, denial of the request for a continuance of
12 the trial could result in a miscarriage of justice.

13 17.   For all of the above-stated reasons, the ends of justice
14 would best be served by a granting this **FOURTH** request for a
15 continuance of the trial.

16 18.   The extension of time sought by the Stipulation is
17 excludable under the Speedy Trial Act, 18 U.S.C. Section 3161
18 (h)(8)(a) when considering the factors under 18 U.S.C. Sections 3131
19 (h)(1), 3161 (h) (8) (b) (I), 3161 (h) (B) (iv), and 3161 (h) (1)(f).

20 19. Denial of this request for a continuance of the trial could
21 result in a miscarriage of justice.

22 20.   The ends of justice served by granting this **FOURTH** request
23 for a continuance of the trial and said continuance of the trial
24 outweigh the best interests of the public and the defendant in a
25 speedy trial, because the failure to grant said continuance would be
26 likely to result in a miscarriage of justice, would deny defense
27 counsel adequate time to recuperate and to prepare for trial and/or
28 potential pre-trial resolution, taking into account the exercise of

due diligence, and would deny the defendant the opportunity to have continuity of counsel, taking into account the exercise of due diligence.

21.   This is the **FOURTH** stipulated continuance of the Trial.

**ORDER**

**IT IS ORDERED** that the trial date set for NOVEMBER 19, 2019 shall be VACATED.

**IT IS ORDERED** that the Trial of this matter shall be continued until April 21, 2020, at the hour of 9:00 a.m.

**IT IS ORDERED** that the Calendar Call date set for OCTOBER 28 2019 shall be VACATED.

**IT IS ORDERED** that the Calendar Call shall be continued until April 13, 2020, at the hour of 1:30 p.m.

**IT IS FURTHER ORDERED** that the government and the defense shall file proposed jury instructions and/or proposed voir dire on or before noon on April 13, 2020.

IT IS FURTHER ORDERED that the parties trial briefs are due by noon on April 13, 2020.

IT IS FURTHER ORDERED that all exhibit lists and witness lists are due by noon on April 13, 2020.

DATED: 10/23/2019

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE