NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar No. 13644
PATRICK BURNS
Nevada Bar No. 11779
Assistant United States Attorney
RACHEL KENT
Special Assistant United States Attorney
501 Las Vegas Blvd. South, Ste. 1100
Las Vegas, Nevada 89101
Phone: (702) 388-5069 / Fax: (702) 388-5087
john.p.burns@usdoj.gov
rachel.kent@usdoj.gov

*Representing the United States of America*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**CHARLES ELLIS,**<br><br>Defendant. | Case No.: 2:18-cr-00255-JAD-EJY<br><br>**GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE ANY ARGUMENT OR EVIDENCE REGARDING: (1) PROSECUTORIAL CHARGING DECISIONS; OR (2) ALLEGATIONS OF SELECTIVE PROSECUTION** |

**CERTIFICATION: The undersigned counsel certifies that this motion is timely filed**.

The government respectfully submits this Motion In Limine to Exclude Any Argument or Evidence Regarding (1) Prosecutorial Charging Decisions; or (2) Allegations of Selective Prosecution.

### POINTS AND AUTHORITIES

#### I.     Introduction

Over the course of two years – from January 2016 to February 2018 – Defendant Charles Ellis bought and sold over 200 firearms without a license. Several of these illegally sold

firearms were used to commit crimes, including the 2017 murder of a Sacramento County Sheriff's Department Deputy. Many of the firearms were found in the possession of convicted felons. In addition, he sold several firearms to non-Nevada residents.

Defendant, on at least 24 separate occasions, purchased cheap, non-collector's item firearms such as Hi Point and Masterpiece Arms .45 and 9mm caliber pistols from licensed firearms retailers, such as Ventura Munitions. Many of the firearms he acquired were either assault-style firearms capable of accepting large capacity magazines and firing rapidly, or semiautomatic firearms. Defendant typically purchased anywhere from 3 to 9 firearms at a time up to once a month throughout 2017. Shortly after purchasing them, Defendant sold the firearms at Las Vegas-area gun shows where he would reserve a booth or table. Defendant at times put up a fake "estate sale" sign to give the false impression that he was liquidating a personal collection.

After an ATF audit of Ventura Munitions in July 2017, Defendant was flagged as a suspicious purchaser because he was frequently purchasing multiple non-collectible firearms. Subsequent investigation showed Defendant engaging in the ongoing mass purchasing and sale of these firearms. In particular, a search of Defendant's electronic records revealed that Defendant had purchased over 200 firearms between May 9, 2016, and January 31, 2017, and documented the sale of 248 firearms –with photos of both the firearm and the ID of the purchaser – between July 2, 2016, and January 31, 2017. In interviews with ATF agents, several purchasers of Defendant's firearms identified him as the seller.

When interviewed by ATF agents in early 2018, Defendant claimed that he was buying and selling the guns as hobby. He also, however, admitted that he saw these transactions as a way to fund his retirement and that he used the proceeds of the sales for his day-to-day living expenses. A review of Defendant's electronic devices showed that he knew was operating an

illegal business and committing a crime. For instance, on December 28, 2017, he sent the following text message:

> Yeah I know that's what my son says to [*sic*] But the ATF has opened An [*sic*] audit at my friend Gun store
> After Vegas shooting things are pretty tight
> After 450 guns it looks like it's time to get out of the business Before [*sic*] you have to visit me at sing sing[1]

On August 22, 2018, the grand jury in the District of Nevada returned an indictment charging Defendant with one count each of Engaging in the Business of Dealing in Firearms Without a License (18 U.S.C. §§ 922(a)(1)(A); 924(a)(1)(D)) and Transfer or Sale of Firearm to a Non-Resident (18 U.S.C. §§ 922(a)(5); 924(a)(1)(D)). Calendar call and trial are currently scheduled for April 13 and 21, 2020, respectively. The government now moves for an order in limine barring Ellis from presenting any argument or evidence regarding prosecutorial charging decisions or allegations of selective prosecution.

## II.     Legal Argument

### A. Legal Standard for Relevant Evidence and the Exclusion of Irrelevant and Unfairly Prejudicial Evidence Under Federal Rules of Evidence 401-403

Federal Rule of Evidence 401 provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Rule 402 provides in part that "[i]rrelevant evidence is not admissible." Rule 403 permits a district court to exclude relevant evidence if the evidence's probative value is substantially outweighed by the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Evidence is unfairly prejudicial if it suggests a decision on an

---
[1] "sing sing" refers to Sing Sing Correctional Facility, a maximum security prison in New York.

3

improper basis. *See* Fed. R. Evid. 403 Advisory Committee's Note. District court judges enjoy broad discretion to exclude evidence under Rule 403, and their determinations will not be disturbed on appeal absent an abuse of that discretion. *Wood v. Alaska*, 957 F.2d 1544, 1550 (9th Cir. 1992) ("Because trial judges have broad discretion both to determine relevance and to determine whether prejudicial effect or other concerns outweigh the probative value of the evidence, we will find a [constitutional] violation only if we conclude that the trial court abused its discretion.").

### B. The Court Should Exclude Any Evidence or Argument Related to the Government's Exercise of its Prosecutorial Discretion to Charge Ellis with Violating 18 U.S.C. § 922(a)(1)(A), 18 U.S.C. § 922(a)(5), or 18 U.S.C. § 924 (a)(1)(D)

Prosecuting attorneys have broad discretion in handling criminal matters. Thus, if a prosecutor believes there is probable cause that a crime has been committed, "the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Wayte v. United States*, 470 U.S. 598, 607-08 (1985) (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978)). "This broad discretion rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review. Such factors as the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake." *United States v. JDT*, 762 F.3d 984, 996 (9th Cir. 2014) (quoting *Wayte*, 470 U.S. at 607).

Additionally, evidence bearing on the government's decision to prosecute is "extraneous and collateral" and thus should be excluded from trial. *See United States v. Johnson*, 605 F.2d 1025, 1030 (7th Cir. 1979) (affirming the exclusion of evidence offered to show that the "indictment was a political instrument"); *United States v. Berrigan*, 482 F.2d 171, 174-76 (3d Cir.

1973) (affirming exclusion of evidence relating to "discriminatory prosecution"). It is settled law that inquiries regarding the subjective intentions or motivations of a government agent are irrelevant to determining the factual guilt or innocence of a defendant. *See, e.g.*, *United States v. Goulding*, 26 F.3d 656, 667 (7th Cir. 1994) (noting, even in the context of an entrapment defense, it was proper for the trial court not to "allow the defense to mount an inquiry into the mental states of the investigating officers since such an inquiry was irrelevant").

The government anticipates that Ellis will seek to introduce argument or evidence related to the government's prosecutorial charging decisions. The government expects Ellis may attempt to argue that he is being prosecuted for operating his illegal firearms business because the person who murdered Bill French, Thomas Daniel Little Cloud, was killed in a shoot-out shortly after he shot French, frustrating the government's ability to try him. Alternatively, Ellis may argue that he is being charged because weapons he sold ended up at some later point involved in criminal activity. The government anticipates that Ellis will attempt to argue that violations of 922(a)(1)(A) and (a)(5) are uncommon, thereby implying something improper or exceptional about the fact he was charged criminally. *See id.*

Because Ellis's jury will not be called upon to deliberate on why, whether, or how Ellis should have been charged, these arguments about the motives and wisdom of prosecutorial charging decisions bear no relevance under Rule 401. The jury should not be subjected to irrelevant documents or evidence, or hear argument, concerning the government's decision to charge Ellis or what charges it selected. Those decisions are purely within the discretion of the prosecution. Whether to charge or not charge a particular target, what charges to bring before the grand jury, and whether to proceed with new or different charges is not relevant to whether Ellis committed the crimes alleged in the indictment. Put simply, these discretionary decisions have absolutely no bearing on any fact of consequence in this case. Therefore, this evidence

should be excluded under Rule 401.

Even if the Court were to believe that there was some probative value to such argument or evidence, it would be substantially outweighed by risks of unfair prejudice, confusing the jury, and misleading the jury. *United States v. Reed*, 641 F.3d 992, 993 (8th Cir. 2011) ("Several circuits have unanimously upheld the exclusion of evidence of prior charging decisions on the ground that many factors unrelated to guilt may influence those decisions and their admission therefore risks misleading the jury and confusing the issues." (citations omitted)). In this instance, introduction of such evidence would be purely motivated to inflame the passions of the jury by asserting that the government was wrong to select Ellis for prosecution. The jury would not have the ability to fully evaluate all of the factors that go into these types of determinations – such as the strength of a particular case, the deterrence value of a case, or prosecutorial enforcement policies/resources. Thus, allowing a jury to review these types of prosecutorial decisions is no different than a court intervening in the everyday exercise of prosecutorial discretion. Moreover, to put this issue before the jury would invite a mini-trial on prosecutorial charging decisions and potentially end up in references to other unrelated criminal cases and exercises of prosecutorial discretion. Thus, even if relevant, the Court should exclude such matters from Ellis's trial.

### C. Because Claims of Selective Prosecution are Not Relevant or Cognizable in a Jury Trial, the Court Should Enter an Order Precluding Ellis from Making Arguments or Presenting Evidence Related to Allegations of Selective Prosecution

"A defendant's right to present evidence in support of his defense . . . is not without limits." *United States v. Espinoza-Baza*, 647 F.3d 1182, 1188 (9th Cir. 2001) (citing *Greene v. Lambert*, 288 F.3d 1081, 1090 (9th Cir.2002)). "While the Constitution ... prohibits the exclusion of defense evidence under rules that serve no legitimate purpose or that are disproportionate to the ends that they are asserted to promote, well-established rules of

6

evidence permit trial judges to exclude evidence" that is irrelevant, lacking in foundation, or when "its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury." *Id.* (quoting *Holmes v. South Carolina*, 547 U.S. 319, 326 (2006)).

Claims of selective prosecution are not defenses on the merits of the indictment; rather, they are independent assertions that the prosecutor sought the prosecution for reasons forbidden by the Constitution. *United States v. Armstrong*, 517 U.S. 456, 464 (1996). A claim of selective prosecution raises allegations under the Equal Protection Clause of the Fifth Amendment. *Armstrong*, 517 U.S. at 464. For such a claim, the defendant must: (1) provide evidence that persons similarly situated have not been prosecuted; and (2) show that the decision to prosecute was made on the basis of an impermissible motive. *United States v. Bourgeois*, 964 F.2d 935, 938 (9th Cir. 1992). The question of whether vindictive or selective prosecution has occurred is a question to be addressed by the court – not the jury. *See United States v. Jenkins*, 504 F.3d 694, 698 (9th Cir. 2007) (noting that "trial court" makes determinations related to vindictive prosecution); *United States v. Jones*, 52 F.3d 924, 927 (11th Cir. 1995); *United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1983) ("[T]he issue of selective prosecution is one to be determined by the Court."); *United States v. Berrigan*, 482 F.2d 171, 174-76 (3rd Cir. 1973) (affirming exclusion of evidence relating to "discriminatory prosecution").

Claims of vindictive prosecution allege a due process violation. Vindictive prosecution occurs when a prosecutor "seeks additional charges solely to punish a defendant for exercising a constitutional or statutory right." *United States v. Gamez-Orduno*, 235 F3.d 453, 462 (9th Cir. 2000). To establish a claim of vindictive prosecution, the defendant must either: (1) produce direct evidence of the prosecutor's punitive motive; or, (2) "show[] that the circumstances

7

establish a reasonable likelihood of vindictiveness thus giving rise to a presumption that the Government must in turn rebut." *United States v. Kent*, 649 F.3d 906, 913 (9th Cir. 2011).

Here, Ellis should not be permitted to argue to the jury that he is the victim of a selective and/or vindictive prosecution. While there is no merit to such allegations, the jury is not responsible for determining those issues, which bear no relevance as to whether Ellis violated 18 U.S.C. §§ 922(a)(1)(A) and (a)(5). Putting irrelevant matters before the jury only promises to waste judicial court time and mislead/distract the jury from the matters it must actually deliberate upon.

### III.   Conclusion

For the foregoing reasons, the government respectfully requests that the Court enter an order in limine precluding Ellis from the following:

1. Making any statement or argument to the jury related to matters of prosecutorial discretion, including but not limited to, the decision to charge Ellis, what charges to bring, and/or any reference to the government's motivation in charging Ellis;

2. Introducing any evidence or attempting to elicit any testimony from any witness related to matters of prosecutorial discretion;

3. Making any argument or statements to the jury related to any claims based on alleged selective and/or vindictive prosecution;

4. Attempting to introduce any evidence or elicit any testimony from any witness related to claims of alleged selective and/or vindictive prosecution;

5. Referencing the frequency or likelihood of charges being brought in other unrelated cases or investigations;

6. Arguing to the jury that Ellis would not have been charged criminally but for his connection to the 2017 murder of a Sacramento County Sheriff's Department Deputy and the fact that other weapons he sold were ultimately used for criminal activities;

7. Arguing to the jury that his conduct should have been dealt with as a civil administrative violation sanctioned by a warning or cease-and-desist letter rather than a criminal prosecution.

DATED this 10th day of March, 2020.

                                            Respectfully submitted,

                                            NICHOLAS A. TRUTANICH
                                            United States Attorney

                                            //s//Rachel Kent
                                            _____

                                            PATRICK BURNS
                                            Assistant United States Attorney
                                            RACHEL KENT
                                            Special Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that I am an employee of the United States Attorney's Office. A copy of the foregoing **GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE ANY ARGUMENT OR EVIDENCE REGARDING: (1) PROSECUTORIAL CHARGING DECISIONS; OR (2) ALLEGATIONS OF SELECTIVE PROSECUTION** was served upon counsel of record, via Electronic Case Filing (ECF).

**DATED** this 10th day of March, 2020.

/ s / Patrick Burns
_____
PATRICK BURNS
Assistant United States Attorney