# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

United States of America,

    Plaintiff

v.

Charles Ellis,

    Defendant

Case No.: 2:18-cr-00255-JAD-EJY

**Order Granting Motions in Limine**

[ECF Nos. 39, 40]

Charles Ellis is charged with dealing firearms without a license and transferring or selling firearms to non-residents. In anticipation of trial, the government moves in limine to exclude three categories of argument and evidence: (1) Second Amendment rights,[1] (2) prosecutorial charging decisions, and (3) selective prosecution.[2] The deadline to respond to these motions passed on March 24, 2020, without response or request to extend the deadline to file one.

## Discussion

The government has established that argument and evidence regarding Second Amendment rights should be excluded from trial under Federal Rules of Evidence (FRE) 402 and 403. "The Supreme Court has made it clear that the government can continue to regulate commercial gun dealing," despite Second Amendment guarantees.[3] The circuits that have specifically addressed Second Amendment challenges to Ellis's charges have rejected them.[4]

---

[1] ECF No. 39.

[2] ECF No. 40.

[3] *United States v. Castro*, 2011 WL 6157466, at *1 (9th Cir. 2011) (unpub.) (citing *District of Columbia v. Heller*, 554 U.S. 570, 626–27 (2008), and *McDonald v. City of Chi., Ill.*, 561 U.S. 742, 786 (2010), to hold that prosecution for conspiracy to deal firearms without a license did not violate the Second Amendment)).

[4] *See*, *e.g.*, *United States v. Hosford*, 843 F.3d 161, 167 (4th Cir. 2016) (rejecting challenge to § 922(a)(1)(A) (unlicensed firearm dealing); *United States v. Focia*, 869 F.3d 1269, 1285 (11th

With the law settled in this regard, Second Amendment references at trial are irrelevant and could only serve to prejudice jurors who may be willing to disregard the law. References to the Second Amendment will be excluded under FRE 402.

The government has also demonstrated that any references at trial to prosecutorial charging decisions or allegations of selective or vindictive prosecution must be precluded. The law is well settled that government charging decisions and motivations for such decisions is an issue for the court to resolve before trial; it is not a proper consideration for the jury. The Ninth Circuit explained in *U.S v. Montoya* that "Outrageous government conduct is not a defense, but rather a claim that government conduct in securing an indictment was so shocking to due process values that the indictment must be dismissed."[5] "Whether government conduct is outrageous is an issue of law" for the court to decide.[6] Similarly, "[a] selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution."[7] This type of claim "asks a court to exercise judicial power of a 'special province' of the Executive."[8] Prosecutorial vindictiveness is also a claim, not a defense.[9] And the Rules of Criminal Procedure require that claims for selective prosecution and prosecutorial vindictiveness to be

---

Cir. 2017), cert. denied 2019 (rejecting *Heller*-based challenge to § 922(a)(1)(A) and § 922(a)(5) (selling firearm to non-resident)).

[5] *U.S. v. Montoya*, 45 F.3d 1286, 1300 (9th Cir. 1995) (collecting cases).

[6] *U.S. v. McClelland*, 72 F.3d 717, 721 (9th Cir. 1995); *U.S. v. Wylie*, 625 F.2d 1371, 1378 (9th Cir. 1980).

[7] *U.S. v. Armstrong*, 517 U.S. 456, 463 (1996).

[8] *Id.* at 464.

[9] *See Montoya*, 45 F.3d at 1299.

raised by motion and before trial.[10] Ellis will be precluded from referencing at trial prosecutorial decisions and motivations, including the frequency of such prosecutions, under FRE 402 because such topics are simply not legally relevant to the issues that the jury will be tasked with deciding.

## Conclusion

**IT IS THEREFORE ORDERED that** the government's motions in limine **[ECF Nos. 39, 40] are GRANTED.** At trial, Ellis will be precluded from making any reference to or argument about, and attempting to solicit testimony or introduce evidence regarding:

1. The Second Amendment and rights guaranteed or protected by it;
2. Prosecutorial discretion, the decision process for charging Ellis and choosing the offenses of prosecution, and the basis for such decision;
3. The motivation and reasons behind Ellis's prosecution and charges; and
4. Whether Ellis's conduct should have been dealt with as a civil violation or proceeding and not as a criminal prosecution.

Dated: April 6, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[10] Fed. R. Crim. P. 12(b)(3)(A)(iv).