# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CHARLES ELLIS,<br><br>　　　　　　Defendant. | 2:18-CR-255-JAD-EJY<br><br>**Preliminary Order of Forfeiture** |

This Court finds Charles Ellis pled guilty to Counts One and Two of a Two-Count Criminal Indictment charging him in Count One with engaging in the business of dealing in firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A) and in Count Two with transfer or sale of firearm to a non-resident in violation of 18 U.S.C. § 922(a)(5). Criminal Indictment, ECF No. 1; Minutes of Proceedings – Jury Trial Day 3, ECF No. 93.

This Court imposes the forfeiture of the property set forth in the Amended Bill of Particulars and the Forfeiture Allegation of the Criminal Indictment. Criminal Indictment, ECF No. 1; Amended Bill of Particulars, ECF No. 45; Minutes of Proceedings – Jury Trial Day 3, ECF No. 93.

This Court finds, under Fed. R. Crim. P. 32.2(b)(1) and (b)(2), the United States of America has shown the requisite nexus between property set forth in the Amended Bill of Particulars and the Forfeiture Allegation of the Criminal Indictment and the offenses to which Charles Ellis pled guilty.

The following property any firearm or ammunition involved in or used in any willful violation of 18 U.S.C. § 922(a)(1)(A) and 922(a)(5) and is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) with 28 U.S.C. § 2461(c):

1. Zhongzhou Machine works 12 gauge shotgun, Model JW2000 coach gun, SN: JW12-24318;
2. Taurus International .22 pistol, Model PT22, SN: 63613Z;
3. Hi-Point .380 pistol, Model CF380, SN: P922466;
4. Chiappa Firearms .22 caliber, Model 1911-22, SN: 17E03932;
5. Shooters Arms Manufacturing, Inc. .45 Pistol, Model 1911 Military, SN ML126895;
6. Magnum Research, Model Desert Eagle, SN: DK0024994;
7. Marlin Firearms Co., Model 39A, SN: B5936;
8. Chiappa Firearms Ltd. Mare's Leg pistol, Model 1892, SN: 14C71475;
9. Kral Arms 12 gauge shotgun, Model Setter, SN: KRU035392;
10. Ruger .450 Rifle, Model Bushmaster, SN 697-59251;
11. Kimber 9 mm handgun, Model Micro 9, SN PB0042989; and
12. Any and all ammunition

(all of which constitutes property).

This Court finds that on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property under Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all possessory rights, ownership rights, and all rights, titles, and interests of Charles Ellis in the aforementioned property are forfeited and are vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America shall publish for at least thirty (30) consecutive days on the official internet

government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition, under Fed. R. Crim. P. 32.2(b)(6).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual or entity who claims an interest in the forfeited property must file a petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property under 21 U.S.C. § 853(n)(2), which petition shall be signed by the petitioner under penalty of perjury under 21 U.S.C. § 853(n)(3) and 28 U.S.C. § 1746, and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, no later than thirty (30) days after the notice is sent or, if direct notice was not sent, no later than sixty (60) days after the first day of the publication on the official internet government forfeiture site, www.forfeiture.gov, whichever is earlier.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any, shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the following address at the time of filing:

>Daniel D. Hollingsworth
>Assistant United States Attorney
>Misty L. Dante
>Assistant United States Attorney
>501 Las Vegas Boulevard South, Suite 1100
>Las Vegas, Nevada 89101.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency following publication of notice of seizure and intent to administratively forfeit the above-described property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record.

DATED: January 20, 2023.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE